**PAGE et al. v. MYERS.**

No. 11130.

Circuit Court of Appeals, Ninth Circuit.

March 27, 1946.

Rehearing Denied April 15, 1946.

---

[2] Cf. Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566.

L. R. Geisler and J. S. Middleton, both of Portland, Or., for appellants.

Bardi G. Skulason, Ashley Greene, and David Sandeberg, all of Portland, Or., for appellee.

Before GARRECHT, HEALY and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

The parties to this appeal are: the appellee, Henry Clay Myers, owner of U. S. Patent No. 2,090,874, which is hereinafter referred to as the Myers patent, and the appellants, A. S. Page and Ellen H. Page, copartners doing business as Page & Page Co., manufacturers and sellers of certain logging trailers which the lower court found to be infringements of the Myers Letters Patent.

The claims of the patent are four:

"1. In a trailer the combination of a cross member adapted to be connected to a reach, a down-turned extending forked frame at each end of said cross member, the outer side of each frame extending above the top of said cross member to form rub plates and wheel uniting springs rotatably mounted between the forked ends of said frame.

"2. A spring mounting for a dual axle trailer consisting of a forked arm having a head connecting the upper ends of the fork and having a cross member attached to said head, the outer side of said fork extending upwardly beyond the top side of said cross member, said outer side having the top end outturned to form a rubbing plate, the lower end of said fork having a spring pivotally mounted therein between its ends and means for mounting a road engaging wheel at each end of said spring.

"3. In a device of the class described, a pair of downturned fork members having a horizontally connecting bar between the upper ends thereof, means for attaching a reach to said bar, rubbing plates forming extensions of the outer side of said forks projecting upwardly and outwardly from the ends of said bar and means for pivotally mounting a pair of dual axles on the lower ends of said forks.

"4. In a trailer the combination of a cross member adapted to be connected to a reach, an integral downturned forked frame at each end of said cross member, the outer side of each frame extending above the top of the cross member to form rub plates, a bolster pivotally mounted on said cross frame and supported by said rub plates and spring mounted ground engaging elements connected to said forked members."

These patent claims were declared valid in an earlier case, Myers v. Beall Pipe & Tank Corporation, D.C., 36 F.Supp. 752, by the same lower court.

In the instant case, the District Court made findings, which have support in the evidence, that the art prior to the Myers patent, including U. S. Patent No. 2,001,-839, issued to De Bou on May 21, 1935; Patent No. 1,338,546 issued to F. B. Allen on April 27, 1920; and No. 1,570,165 issued to I. J. Merrill on January 19, 1926; and the patent of the Republic of France No. 707,448 issued to Lagasche on July 8, 1931, did not cover any combination in a dual axle logging trailer of a transversely-extended frame, longitudinally-extending, pivotally mounted springs, pivotally mounted bolster or bunk, rub plates spaced a substantial distance from the king pin, and forked or straddle mounting of the springs. The lower court found there was invention in the Myers patent in the action of the rub plates, which distributes part of the weight outside of the springs in a three-point suspension, one on the king pin and two on the rub plates, and distributing therefrom the weight by four-point suspension to the springs and wheels by straddle or forked mountings of the springs.

This distribution of weight, the lower court found, gave more stability to the logging trailer, less tendency to swing, less torque on the axles, and greater loading capacity.

The pivotally mounted bunks were known prior to the Myers patent, the use or rub

plates at some distance from the center pin was old, and the use of forked or straddle mountings on other dual axle vehicles was old in the art.

The only question here is whether the combination constituted patentable novelty.

In the Webster Loom Case, The Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177, the Supreme Court declared a patent for an improved loom for weaving pile fabrics valid, setting forth the test for distinguishing patentable combination and mere aggregation. The Webster loom was old, every part was known to the loom manufacturer and the weaver. The court applied the test that if the new combination of old elements produced a new and beneficial result never attained before, it was evidence of invention.[1] The Webster loom produced 50 yards where the former looms had produced 40 yards, and the court said the combination by which this was effected, even if those elements were separately known before, was invention sufficient to form the basis of a patent.

In Wire Tie Machine Co. v. Pacific Box Corporation, 9 Cir., 102 F.2d 543, 552, this court upheld a patent for a fully automatic wire binding machine that tied a flat knot, applying the test of the Webster Loom case. Also see Levin v. Coe, 76 U.S.App. D.C. 347, 132 F.2d 589.

This court, in other cases, not quoting the Webster Loom decision or citing it as to the precise point, followed the rule that the combination of old elements does not amount to invention unless a new result is produced or an old function is performed in a new way. Bailey v. Sears, Roebuck Co., 9 Cir., 115 F.2d 904, 906; Magarian v. Detroit Products Co., 9 Cir., 128 F.2d 544, 545. The test enounced by the latter two cases is a converse statement of the Webster Loom case rule. In these two cases the patents were declared invalid because there was no new result and the patented device was a mere mechanical adaption of old parts. On the facts then, the instant case can be distinguished.

Applying the doctrine of the Webster Loom case, we are convinced that the lower court correctly found invention here. A new result was produced. The lower court found that Myers had developed a novel and efficient combination which produced a greater weight distribution by the initial three-point suspension and secondary four-point suspension and thus gave more stability to the logging trailer, less swinging, and a greater loading capacity.

It is well settled that what constitutes invention as distinguished from a mere aggregation is a question of fact, and since there is evidence to support the lower court's finding that there was a new result attained and therefore a patentable combination, we affirm that judgment.

The appellants have claimed non-infringement and insufficiency of the description of the invention. We have considered these arguments but conclude that the proofs do not sustain them.

Affirmed.

[1] C. L. Diamond Rubber Co. v. Consolidated Tire Co., 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527; Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 301, 29 S.Ct. 495, 53 L.Ed. 805; Paraffin Cos. v. McEverlast, 9 Cir., 84 F.2d 335.