## FAULKNER v. GIBBS.
### No. 11667.

United States Court of Appeals
Ninth Circuit.

Oct. 8, 1948.

Rehearing Denied Nov. 23, 1948.

Robert W. Fulwider, Los Angeles, Cal., and Gerald Desmond, of Long Beach, Cal., for appellant.

Huebner, Maltby & Beehler, Herbert A. Huebner, and Albert M. Herzig, all of Los Angeles, Cal., for appellee.

Before GARRECHT, STEPHENS, and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellee sued appellant in the district court claiming infringement of all of the claims of the former's Letters Patent No. 1,906,260, issued May 2, 1933 (herein called Gibbs patent) covering a game device. Answering interrogatories, appellee claimed infringement of claims 3, 6, 7, 8, 9 and 10 in both the original and an altered game device manufactured and used by appellant. In its findings, later summarized, the trial court found valid all of the claims of the Gibbs patent which became material issues in this case.

Appellee's device is concededly a combination of old elements but he claims that it is a new and novel entity producing a new result never produced before. He sought the relief usually demanded in infringement cases.

Appellant's pleadings denied the charge of infringement and alleged generally the invalidity of appellee's patent on several grounds, namely, lack of novelty and invention, the state of the prior art in the field covered by the subject matter of the Gibbs patent, and the existence of several prior patents identified by dates of issue and numbers. These were claimed to anticipate the patent in suit.

Appellant also claims that: the Gibbs patent is a mere aggregation or combination of old elements not producing any new or unexpected result; is merely the product of mechanical skill; is invalid for failure to comply with the provisions of 35 U.S.C. A. § 33 in that Gibbs does not describe the patent in full, clear concise and exact terms which would enable any person skilled in the art to practice the art; the claims do not particularly describe and distinctly claim as invention the part, improvement or combination claimed as invention but merely represent an attempt to patent a func-

tion or result, and finally, that the patent is a joint invention of Gibbs and another. The foregoing claims were before the court on the trial, including copies of the Gibbs patent and all patents claimed to anticipate it.

In essence appellee's patented game device is an assembly or combination comprising a plurality of electrically interconnected game units each of which units has the general outward appearance of the well known pin-ball machine. Each unit is operated by a separate player who competes with players operating the other units in the multiple assembly. See Gibbs v. T. Z. R. Amusement Corporation, reported in D.C., 14 F.Supp. 957, a case involving the Gibbs patent. (All of the claims of the patent are there set forth and in the interest of brevity they are not repeated here.)

After initiation of this litigation, appellant altered the electrical circuit or circuits in, and method of play on, his accused game device and he contends that these modifications or alterations so changed his accused device that infringement of appellee's device (which he denies) was, in any event, thereby eliminated.

Appellee contends that these alterations in appellant's (so-called) "Fawn game" were, in effect, a mere "re-arrangement," and did not so alter that device that it no longer infringed the Gibbs patent. His position is that the physical elements of playing board, annunciator light panel, playing balls, and arrangement remained identical; that appellant's modified device retained the same electrical circuits with certain immaterial exceptions consisting of certain light bulbs unscrewed from their sockets, one wire connection shifted, and an electric "time switch" added as an accessory. The method of play was the same as before, i. e., the rolling of the ball until five lights in a row appeared. All an added time switch did was to limit the period in which the Fawn game could be played— it was an *addition to*, not an *omission from*, the primary claimed features of the Gibbs patent.

█ Conflicting evidence was introduced at trial to demonstrate to the court the na-

ture and effect of the alterations. Schematic drawings and diagrams were employed for the purpose of illustrating and explaining, by aid of oral testimony, the nature and operation of the maze of complicated electrical circuits employed in the various game devices of both parties. The oral testimony clearly appears to have been necessary to a correct understanding of the involved and complicated problem of electrical circuits then before the court and it was the province of the trial court to determine from conflicting evidence whether or not there had been a material change in the mechanical or electrical construction of the original Fawn game by the alterations appellant made therein. See Antonsen v. Hedrick, 9 Cir., 89 F.2d 149, 151. The practical nature and significance of these alterations presented a substantial dispute involving a question of fact and it is evident that this question could not be determined by the court by a mere comparison of structures. Hence the resort to explanatory and construing testimony of "experts" on the matter of application of descriptions to subject-matter. (See cases footnote 5.)

■ Much stress was laid on a certain (Nakashima) patent, No. 1,678,573, by the expert witness for appellant, the claim being made by him that it was one of the closest prior patents. The witness indicated that there was no single patent in the prior art which was a complete anticipation of the Gibbs combination patent, but expressed the opinion that Nakashima was an anticipation of claim 3 of the Gibbs patent. The trial court did not agree with the conclusions expressed by this witness concerning Nakashima and the other claimed anticipatory patents, and nothing in the record compels the conclusion that the court erred in reaching its decision on this issue.

Appellant presents three principal issues on this appeal; (1) Is the Gibbs patent valid, (2) Does the new "Fawn game" infringe, and (3) Did the "old (original) Fawn game" infringe. ("Fawn game" is the name applied by appellant to his original accused game device. After the alter-ations above mentioned it was referred to as the "altered Fawn game.")

We think that these contentions, together with others set forth in his pleadings and argued in his brief on appeal, clearly present issues of fact and were properly disposed of as such by the trial court. The findings were based upon both explanatory oral testimony and relevant documents; they have the support of substantial evidence believed by the trial court to be accurate and reliable and we find no sound reason for disturbing them.

The pertinent findings may be summarized as follows: That appellee has built and installed his patented game at various places in this country and at one place in England; that he has granted numerous patent licenses thereon; that the patent has been held valid and infringed as to all its claims in the case of Gibbs v. T. Z. R. Amusement Corporation, supra, and has been held valid and infringed, upon stipulation of the parties, by consent judgments in six cases in United States District Courts in the States of California, Connecticut and New York; that appellant is the only one refusing to recognize the validity of appellee's patent; that the Gibbs patent is neither ambiguous nor indefinite in either its specifications and claims, but is fully understandable by any one skilled in the art and complies with Revised Statutes Section 4888, 35 U.S.C.A. § 33; that appellee is the sole inventor; that 14 Letters Patent covering other game devices offered in evidence together with a certain catalog dated 1929, do not disclose, or anticipate, or suggest either singly or collectively, the subject matter of the Gibbs patent, nor do these documents furnish any basis for any finding or conclusion that the Gibbs patent lacks invention; that appellee has complied with the provisions of 35 U.S.C.A. § 49; that appellant's Fawn game is in two forms, one being the original, which was modified after the commencement of this litigation, but the modified Fawn game embodies the same physical structure, function and appearance as the original Fawn game with certain changes which are of such a character that it would require only a few minutes work to restore it to its exact original

form; that the electrical wiring for the original circuits remains intact in the altered game with only a difference in the terminal connection of one wire.

Further summarized findings are that: The original Fawn game embodies the subject matter of the Gibbs patent as defined in its claims 3, and 6 to 10, both inclusive, and the altered Fawn game embodies the subject matter of the Gibbs patent as defined in claims 3, 9 and 10; that appellant derived the Fawn game from an examination of a similar game which in turn had been copied from a game embodying the subject matter of the Gibbs patent; that as to claims 3, and 6 to 10, both inclusive, the Gibbs patent is not anticipated, displays invention, is valid and was infringed by appellant's original Fawn game, and the said patent was also infringed as to its claims 3, 9 and 10 by appellant in causing alterations to be made in his Fawn game.

From the findings, as above summarized, the court concluded that the Gibbs patent was good and valid in law as to claims 3, and 6 to 10, both inclusive; that appellant infringed the claims of this patent, as noted above, thereby causing appellee irreparable loss, injury and damage, as a result of which appellee should have an injunction against further infringement and also for an accounting and recovery of damages and costs of the action including reporter's and attorneys' fees to be fixed by the court.

■ We are of the view that the trial court committed no error in its factual findings and that its determination and application of the law was and is correct.

■ The question of whether or not a new and useful combination is the result of mere mechanical skill, or of inventive faculty, is one of fact.[1]

■ What constitutes invention as distinguished from a mere aggregation, is a question of fact.[2]

■ Questions of invention and patent validity are questions of fact.[3]

■ Whether prior art patents or publications disclose or anticipate the subject matter of a patent in issue is determined as a question of fact.[4]

■ The issue of infringement presents a question of fact.[5]

■ The Gibbs patent was regularly issued and its claims are presumptively valid.[6]

The court entered an interlocutory judgment holding the Gibbs patent valid in law as to claims 3, 6, 7, 8, 9 and 10; adjudging that appellant infringed claims 3, 6, 7, 8, 9 and 10 of that patent by making and using

[1] Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 446, 44 S.Ct. 533, 68 L.Ed. 1098; Keyes and another v. Grant and another, 118 U.S. 25, 36, 37, 6 S.Ct. 974, 30 L.Ed. 54; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., 9 Cir., 151 F.2d 91; Crowell v. Baker Oil Tools, Inc., 9 Cir., 153 F.2d 972; Maulsby v. Conzevoy, 9 Cir., 161 F.2d 165; Wire Tie Mach. Co. v. Pacific Box Corp., 9 Cir., 102 F.2d 543; Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628, 630; Hanovia Chemical & Manufacturing Co. v. David Butterick Co., 1 Cir., 127 F.2d 888, 889.

[2] Page v. Myers, 9 Cir., 155 F.2d 57.

[3] See Wire Tie Mach. Co. v. Pacific Box Corp., supra. See also Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 416, 28 S.Ct. 748, 52 L.Ed. 1122; Keyes and another v. Grant and another, supra, 118 U.S. at page 37, 6 S.Ct. 974; Research Products Co. v. Tretolite Co., 9 Cir., 106 F.2d 530; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., supra; Stuart Oxygen Co. v. Josephian, 9 Cir., 162 F.2d 857; Reinharts, Inc., v. Caterpillar Tractor Co., supra, 85 F.2d at page 630; Hanovia Chemical & Mfg. Co. v. David Butterick Co., supra; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 6 Cir., 139 F.2d 473; General Motors Corp. v. Kesling, 8 Cir., 164 F.2d 824.

[4] Keyes and another v. Grant and another, supra; Thomson Spot Welder Co. v. Ford Motor Co., supra, 265 U.S. at page 452, 44 S.Ct. 533; Crowell v. Baker Oil Tools, Inc., supra; Hanovia Chemical & Mfg. Co. v. David Butterick Co., supra.

[5] Reinharts, Inc., v. Caterpillar Tractor Co., supra, 85 F.2d at page 630; Stuart Oxygen Co., Ltd. v. Josephian, supra; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., supra, 151 F.2d at page 95; Bates v. Coe, 98 U.S. 31, 49, 25 L.Ed. 68; General Motors Corp. v. Kesling, supra, 164 F.2d at page 836.

[6] See Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., supra.

the original Fawn game, and infringed claims 3, 9, and 10 of the said patent by making and using the altered Fawn game. The cause was referred to a master for a report of an account respecting general damages; appellant was enjoined from the making, using or selling any game apparatus embodying the invention claimed in said claims 3, 6, 7, 8, 9 and 10 and from in any way infringing upon any of said claims or upon the rights of appellee under said claims. Costs and attorneys' fees of $500 were assessed.

The judgment finds ample support in the record and is affirmed.

Judge GARRECHT participated in the hearing on this appeal but died before an opinion could be prepared. Counsel for both appellant and appellee agreed that Judges STEPHENS and BONE should decide the case on this appeal.