**BEDE v. BECK et al.**

Civ. No. 27692.

United States District Court
N. D. Ohio, E. D.

Feb. 16, 1951.

John F. Oberlin, H. P. Fetterman, Cleveland, Ohio, for plaintiff.

Harvey R. Hawgood, Arthur H. Van Horn, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is a patent infringement action before the court for consideration of defendants' motion for summary judgment, and plaintiff's objection to defendants' sixth request for admissions.

Defendants ask the court to give summary judgment on the basis of information contained in plaintiff's patent, a letter sent by plaintiff's attorneys to defendants, and two drawings of the alleged infringing device. Defendants also rely on anticipated admissions, but the plaintiff denies the requests upon which reliance is placed, and they therefore, have no value for purpose of this motion.

While the device in question here does not seem so complicated, yet the court is not disposed to hold, on the meager record before it, that defendants' device does not infringe. There is no written explanation of how defendants' machine operates. The court is asked only to read the patent claims, examine the accompanying illustrations, and, by comparing them to two illustrations furnished by defendants, which may or may not exactly represent defendants' device, hold there is no infringement. The mere statement of this proposition makes it clear that such action ought not to be taken. Furthermore, the illustrations of both machines indicate that there is a marked similarity between the patented device and the alleged infringing device. The court will need more evidence on the nature of defendants' machine before it can hold that it does not infringe.

This motion will be denied.

Defendants' sixth request for admissions asks that plaintiff furnish illustrations of the apparatus which he now charges infringes his patent, and admit that the furnished illustration shows what he alleges to be infringing features.

This request does not call for admission of any fact, or genuineness of any document. It is at best an attempt to procure the production of a document or thing which by the Fed.Rules Civ.Proc. 28, U.S.C.A. must be done in accordance with the more stringent provisions of Rule 34. Rule 36 is not to be used as a method of discovering evidence, as it is here, but only to force admission of facts about which there is no real dispute.

Plaintiff will not be required to answer this request.