**Marion Harrison DOLGOFF,**
**Plaintiff,**

v.

**The KAYNAR COMPANY, a corporation**
**of California, Defendant.**

**No. 16195.**

United States District Court
S. D. California, Central Division.
Dec. 20, 1955.

426

Bernard Kriegel, Los Angeles, Cal., Karl W. Flocks, Washington, D. C., for plaintiff.

Francis D. Ammen, Elwood S. Kendrick, Lester S. Hecht, Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff seeks damages and injunctive relief for alleged infringement by defendant of United States Letters Patent No. 2,210,802, and more particularly claim 4 thereof which reads as follows:

"4. A hair holder formed in a manner to comprise a hair entering portion, a head piece comprising a plurality of arm like extensions, said arm like extensions being of a length to correspond to the design of the portion of hair to be set and including a hair gripping portion whereby the hair may be held in place in accordance with said design by inserting the hair entering portion through the hair in set position and applying the hair gripping portion to the hair to be set."

Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the alternative grounds that: (1) there is no genuine issue as to any material fact with respect to infringement and, as a matter of law, claim 4 of the patent has not been infringed by defendant, or (2) there is no genuine issue as to any material fact with respect to validity of the patent and, as a matter of law, claim 4 thereof is invalid, either as lacking invention or as an unpatentable aggregation. The motion is based upon the pleadings, exhibits, stipulations, and admissions of the parties.

Copies of the patent in suit and of the prior-art patents relied upon by defendant are admitted. Exemplars of the accused device, "Perma-Klippies", manufactured by defendant, are admitted exhibits in support of the motion. It is conceded that plaintiff has never manufactured the device described in claim 4.

The first question is whether this case can properly be disposed of by summary judgment. Plaintiff urges that a full trial on the merits is necessary. Rule 56 directs that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. Rule 56(c).

Although the issue of patent infringement is one of fact, Stilz v. United States, 1925, 269 U.S. 144, 147, 46 S.Ct.

37, 70 L.Ed. 202; Battin v. Taggert, 1854, 17 How. 74, 84, 58 U.S. 74, 84, 15 L.Ed. 37; McRoskey v. Braun Mattress Co., 9 Cir., 1939, 107 F.2d 143, 147, it is held that where "it appears that no substantial dispute of fact is presented, and that the case may be determined by a mere comparison of structures and extrinsic evidence is not needed for purposes of explanation, or evaluation of prior art, or to resolve questions of the application of descriptions to subject-matter, the questions of invention and infringement may be determined as questions of law." United States v. Esnault-Pelterie, 1938, 303 U.S. 26, 30, 58 S.Ct. 412, 414, 82 L.Ed. 625; see: Sanitary Refrigerator Co. v. Winters, 1929, 280 U.S. 30, 36, 50 S.Ct. 9, 74 L.Ed. 147; Singer Mfg. Co. v. Cramer, 1904, 192 U.S. 265, 275, 24 S.Ct. 291, 48 L.Ed. 437; Black Diamond Coal-Mining Co. v. Excelsior Coal Co., 1895, 156 U.S. 611, 618, 15 S.Ct. 482, 39 L.Ed. 553.

Summary judgment on the issue of infringement has been denied where the technical aspects of the devices in question were not readily comprehensible and expert testimony was required to explain how the devices functioned, Bucky v. Sebo, D.C.S.D.N.Y.1951, 97 F.Supp. 277, 279, where the record failed to show exactly how the respective devices operated, Bede v. Beck, D.C.N.D.Ohio 1951, 11 F.R.D. 293, 294, or where there existed some other genuine issue of material fact. Cf. Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 1950, 181 F.2d 315, 319.

■ But it seems settled that when there is no genuine issue of material fact bearing on the question of infringement, in that the structure and mode of operation of the accused device are such that they may be readily comprehended by the court and understandingly compared in the light of the prior art with the device described in the patent in suit, without the need of technical explanation by expert witnesses, the court may and should grant summary judgment. See: Kwikset Locks, Inc., v. Hillgren, 9 Cir., 1954, 210 F.2d 483, 488–489, certiorari denied, 1954, 347 U.S. 989, 74 S.Ct. 852, 98 L.Ed. 1123; Steigleder v. Eberhard Faber Pencil Co., 1 Cir., 1949, 176 F.2d 604, certiorari denied, 1949, 338 U.S. 893, 70 S.Ct. 244, 94 L.Ed. 548; Smith v. General Foundry Mach. Co., 4 Cir., 1949, 174 F.2d 147, 151, certiorari denied, 1949, 338 U.S. 869, 70 S.Ct. 144, 94 L.Ed. 533; Stuart Oxygen Co. v. Josephian, 9 Cir., 1947, 162 F.2d 857, 859; Alex Lee Wallau, Inc., v. J. W. Landenberger & Co., D.C. S.D.N.Y.1954, 121 F.Supp. 555; Hendel v. Kam Water Heater Mfg. Co., D.C. E.D.N.Y.1953, 114 F.Supp. 567, 569; Montmarquet v. Johnson & Johnson, D.C.D.N.J.1949, 82 F.Supp. 469, 474, affirmed 3 Cir., 1950, 179 F.2d 240, certiorari denied, 1950, 339 U.S. 979, 70 S.Ct. 1025, 94 L.Ed. 1384; cf. Parke, Davis & Co. v. American Cyanamid Co., 6 Cir., 1953, 207 F.2d 571.

■ Here there is no possible issue of material fact as to the structure or operation of either plaintiff's patented device or defendant's accused device. Both relate to the art of hairdressing and serve the function of holding a ringlet of hair in place so as to form a pin curl while the hair is being set. Upon the undisputed evidence, then, the question of infringement resolves itself into one of law, depending upon a comparison of the accused device with the admitted prior art and the device disclosed on the face of the patent, and a correct application of the rule of equivalency. Sanitary Refrigerator Co. v. Winters, supra, 280 U.S. at page 36, 50 S.Ct. at page 10.

The device claimed in the patent consists of two legs having wave-like or corrugated sections and a formed-head section. The two legs, which comprise the hair entering portion and serve to hold the device in place, act in a manner similar to an ordinary hairpin when inserted into the hair. The formed-head section or headpiece is composed of

three arm-like portions bent u-shape back upon themselves, so as to form hooks for gripping or holding in place a ringlet of hair.

The patented device is operated by inserting the hair entering or hair-pin-like portion through the hair until the headpiece contacts the ringlet and the hook-like arms firmly grip the ringlet and hold it in place. The distinctive feature of plaintiff's device is that it engages the peripheral edge of the curl so as to contain the entire curl within the hook-like arms which comprise the headpiece.

The alleged infringing device also acts to engage the peripheral edge of the curl but does so by an entirely different method. Marketed under the name of "Perma-Klippies", defendant's device adopts the means of a spring clip or clamp to hold the ringlet or curl in place. The hair entering portion consists of five prongs resembling a comb and a headpiece with arms designed to fit around the peripheral edge of the curl, but these arms do not bend back upon themselves to form hooks as do the arms of plaintiff's device.

The hair entering portion and the headpiece of defendant's device are connected by a spring clip and the curl is held in place only by means of the interaction or clamping together of the headpiece and the comb-like hair entering portion. In plaintiff's device, on the other hand, the hair entering portion does not in any way aid the headpiece to hold the curl, but serves only to secure the device into the hair in like manner as a hairpin.

The only similarity in the operation or functioning of the two devices is that the entire curl is contained within the respective headpieces of each. While the "hair gripping portion" of the patented device holds the ringlet or curl in place by means of the gripping action of the hook-like arms of the headpiece, the accused device produces this result by means of the clamping action of a spring clip or clasp which causes the curl to be clamped between the headpiece and the hair entering portion. This spring-clip means, without which the accused device would be unable to hold or contain the curl, is not employed at all in the patented device.

Plaintiff contends that defendant's "Perma-Klippies" nonetheless infringe claim 4 of the patent, since the headpieces of both devices have arm-like extensions to contain the entire curl. But plaintiff must be held estopped to assert any such breadth or range of equivalents for claim 4, since the file wrapper of proceedings leading to issuance of the patent discloses that a claim of breadth comparable to that now asserted was abandoned in favor of narrower claim 4 after the Patent Examiner had rejected the broader claim. Exhibit Supply Co. v. Ace Patents Corp., 1942, 315 U.S. 126, 136–137, 62 S.Ct. 513, 86 L.Ed. 736; Shepard v. Carrigan, 1886, 116 U.S. 593, 598, 6 S.Ct. 493, 29 L.Ed. 723.

In the language of Smith v. Magic City Kennel Club, 1931, 282 U.S. 784, 51 S.Ct. 291, 75 L.Ed. 707: " * * * The applicant having limited his claim by amendment and accepted a patent, brings himself within the rules that if the claim to a combination be restricted to specified elements, all must be regarded as material, and that limitations imposed by the inventor * * * must be strictly construed against the inventor and looked upon as disclaimers. * * * The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto. * * * " 282 U.S. at page 790, 51 S.Ct. at page 293.

Moreover, as pointed out in Montgomery Ward & Co. v. Clair, 8 Cir., 1941, 123 F.2d 878, 881: "It is settled that 'to sustain the charge of infringement the infringing device must be substantially identical with the one alleged to be infringed in (1) the result

attained; (2) the means of attaining that result; and (3) the manner in which its different parts operate and co-operate to produce that result. If the devices are substantially different in either of these respects the charge of infringement is not sustained.'" See also: Union Paper-Bag Machine Co. v. Murphy, 1877, 97 U.S. 120, 125, 24 L. Ed. 935; Stewart-Warner Corp. v. Lone Star Gas Co., 5 Cir., 1952, 195 F.2d 645, 648; United States Rubber Co. v. General Tire & Rubber Co., 6 Cir., 1942, 128 F.2d 104, 109; Holtzer-Cabot Electric Co. v. Standard Electric Time Co., 1 Cir., 1940, 111 F.2d 71, 73; Grant v. Koppl, 9 Cir., 1938, 99 F.2d 106, 110; Electric Protection Co. v. American Bank Protection Co., 8 Cir., 1910, 184 F. 916, 923, certiorari denied, 1911, 220 U.S. 619, 31 S.Ct. 723, 55 L.Ed. 612; 3 Walker, Patents, §§ 495, 496 (Deller's Ed.1937).

Taking these criteria in order, clearly (1) "the result attained" by the respective devices is the same; each serves to hold the pin curl in place while the hair is being set. But criterion (2) "the means of attaining that result" is different, since the curl is contained and held in place in plaintiff's device by means of the gripping action of the hook-like arms of the headpiece, while in defendant's device the curl is contained and held in place by means of a spring clip.

Criterion (3) "the manner in which [the] different parts operate and co-operate to produce that result" is also different, inasmuch as the curl is contained and held in place in the accused device by cooperation of the headpiece with the comb-like hair entering portion, whereas in plaintiff's device the curl is contained and held in place by the hook-like arms of the headpiece itself. Which is to say that in the patented device there is no cooperation between the headpiece and the hair entering portion; the headpiece alone holds the curl, and the hair-pin-like hair entering portion serves only to secure the device into the hair.

It follows, therefore, that only one of the three criteria necessary to sustain a charge of infringement is present at bar. Although both devices accomplish the same result, they do so by different means and in different ways; so there is no infringement. See Brown & Sharpe Mfg. Co. v. O. S. Walker Co., 1 Cir., 1948, 167 F.2d 687, 693.

The question remains whether the validity of the patent in suit need be adjudicated upon this motion for summary judgment.

There is a genuine issue as to validity and, as Judge Fee observed for the Court in Hycon Mfg. Co. v. H. Koch & Sons, 9 Cir., 219 F.2d 353, certiorari denied, 1955, 349 U.S. 953, 75 S.Ct. 881, "the utmost which can be said in a patent validity case is that it is a 'mixed question of law and fact.'" 219 F.2d at page 355; see: Faulkner v. Gibbs, 9 Cir., 1948, 170 F.2d 34, 37, affirmed, 1949, 338 U.S. 267, 70 S.Ct. 25, 94 L.Ed. 62; Wire Tie Mach. Co. v. Pacific Box Corp., 9 Cir., 1939, 102 F.2d 543. In the words of Mr. Justice Cardozo: "A patent regularly issued * * * is presumed to be valid until the presumption has been overcome by convincing evidence of error." Radio Corp. of America v. Radio Engineering Laboratories, 1934, 293 U.S. 1, 7, 55 S.Ct. 928, 931, 79 L.Ed. 163. And the burden of overcoming the presumption of validity rests upon the party who contends the patent is for any reason invalid. Id. 293 U.S. at pages 8–10, 55 S.Ct. at pages 931–932; Brodie Co. v. Hydraulic Press Mfg. Co., 9 Cir., 1945, 151 F.2d 91, 94; Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 1936, 85 F.2d 628, 630, certiorari denied, 1937, 302 U.S. 694, 58 S.Ct. 13, 82 L.Ed. 536; cf. Jacuzzi Bros. v. Berkeley Pump Co., 9 Cir., 1951, 191 F.2d 632, 634 note 4, 637; Lane-Wells Co. v. M. O. Johnston, etc., Corp., 9 Cir., 1950, 181 F.2d 707.

■ However, to paraphrase the language of Market Street R. Co. v. Rowley, 1895, 155 U.S. 621, 15 S.Ct. 224, 39 L. Ed. 284: If, upon the state of the art as shown to exist by the prior patents, and upon a comparison of the older devices with those described in the patent in suit, it should appear that the patent claims are not novel, it becomes the duty of the court to grant summary judgment on the issue of validity. 155 U.S. at page 625, 15 S.Ct. at page 226; see: Kwikset Locks, Inc., v. Hillgren, supra, 210 F.2d at pages 487–488; Park-In-Theatres v. Perkins, 9 Cir., 1951, 190 F.2d 137, 140–142.

■ But here the finding of non-infringement alone serves to dispose of the case upon the merits. For when it appears, on a motion for summary judgment, "that there is no genuine issue as to any material fact" involved in adjudication of a single issue which is dispositive of the case, "and that the moving party is entitled to a judgment as a matter of law" on that single issue, all other genuine issues of fact thereupon become immaterial in the case. See: McComb v. Southern Weighing & Inspection Bureau, 4 Cir., 1948, 170 F.2d 526, 530; Keehn v. Brady Transfer & Storage Co., 7 Cir., 1947, 159 F.2d 383, 385, certiorari denied, 1947, 331 U.S. 844, 67 S.Ct. 1535, 91 L.Ed. 1864.

However, the considerations of public interest involved where validity of a patent is in controversy never become immaterial. So, although the Supreme Court has admonished that it is the "better practice" always to adjudicate the issue of validity, Sinclair & Carroll Co. v. Interchemical Corp., 1945, 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644, this has been interpreted as "a mere cautionary admonition to the courts to exercise their discretion whether to pass upon the question of validity, and to strike down clearly invalid patents where it would be in the public interest to do so, even though a finding of non-infringement would dispose of the case." Kemart Corp. v. Printing Arts Research Laboratories, Inc., 9 Cir., 1953, 201 F.2d 624, 634.

■ The device of the patent in suit has never been produced commercially and, inasmuch as the patent issued in 1940 and will expire less than two years hence, 35 U.S.C. § 154, there appears no public interest compelling a determination of validity in the case at bar. See: Patent Scaffolding Co. v. Up-Right, Inc., 9 Cir., 194 F.2d 457, certiorari denied 1952, 343 U.S. 958, 72 S.Ct. 1053, 96 L. Ed. 1357; Harries v. Air King Products Co., 2 Cir., 1950, 183 F.2d 158, 161–162; cf. Hall v. Wright, D.C.S.D.Cal.1954, 125 F.Supp. 269, 274–275.

Defendant's motion for summary judgment on the issue of infringement will be granted, and the attorneys for defendant may lodge with the Clerk within ten days findings of fact, conclusions of law and judgment accordingly, to be settled pursuant to local rule 7.