**JERROLD STEPHENS CO., Inc.,**
Plaintiff,

v.

**ALLADIN PLASTICS, INC., Defendant.**
No. 62–208.

United States District Court
S. D. California,
Central Division.
May 18, 1964.

Fraser & Bogucki, Los Angeles, Cal., for plaintiff.

Bernard Kriegel, Los Angeles, Cal., for defendant.

HALL, Chief Judge.

The plaintiff's Complaint asks for declaratory relief to the effect that Patent No. 192,029 is invalid, and for injunction against unfair competitive practices, and for damages.

Defendant answered, denying the invalidity of the design patent, denying unfair competition, and counter-claimed for patent infringement of the above-mentioned Patent Design 192,029 and Patent No. 3,032,375 and Patent No. 3,034,830 for unfair competition and for infringement of trademark No. 736,402 for the words "FORM-FIT."

Plaintiff has filed a motion for partial summary judgment under Rule 56, F.R. C.P., on the counter-claims asserted against plaintiff by the defendant.

The motion for summary judgment is based on several grounds as to each patent, one of which, in each instance, is that none of the patents disclose a standard of invention sufficient to sustain the validity of any one of the three patents, and that such determination can and should be made as a matter of law and not as a matter of fact.

Prior to December 4, 1950, when the Supreme Court handed down its decision in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, the Ninth Circuit, in a series of cases, had held that the question of invention was a question of fact. [Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co. (9 Cir.1945) 151 F.2d 91; Maulsby v. Conzevoy (9 Cir.1947) 161 F.2d 165; Refrigeration Eng. v. York Corp. (9 Cir.1948) 168 F. 2d 896; Faulkner v. Gibbs (9 Cir.1948)

170 F.2d 34; Lane-Wells Co. v. M. O. Johnston Oil etc. Corp. (9 Cir.1950) 181 F.2d 707].

■ Since that time, that Court has consistently held in the trial of a patent case, that the Court must decide, as a matter of law, whether or not the patents disclose that "standard of invention" necessary to sustain the validity of the patent.

Thus, of necessity, the Court must decide that question of law before reaching any questions of fact that may be present in a patent case.

The "standard of invention" is written into the Constitution [Oriental Foods Inc. v. Chun King Sales, Inc. (9 Cir. 1957), 244 F.2d 909] which provides [Art. 1, Sec. 8, Cl. 8] that the writings and discoveries which Congress was authorized to protect by a patent monopoly must be such as to "promote the Progress of Science and useful Arts."

■ The current and accepted interpretation of this clause as it may be distilled from the Supreme Court Opinion in 1950 in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, and cases cited therein and following it, while variously stated, is, in sum, that the Constitutional "standard of invention" in a patent must present "unusual and surprising consequences;" it "must add to the sum of useful knowledge;" it "must serve the ends of science—push back the frontiers of chemistry, physics and the like;" it "is not enough that it be new and useful;" it "must make a distinct contribution to useful knowledge;" "there must be more ingenuity involved than that of the mechanic skilled in the art." Finally, in that case, in the concurring opinion of Justice Douglas, he saw fit to warn as to loose standards of patentability, (which warning is very apt in the instant case), and to quote from the earlier case of Atlantic Works v. Brady (1882) 107 U.S. 192, at page 200, 2 S.Ct. 225, 27 L.Ed. 438, as follows:

" 'It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct then to stimulate invention. It creates a class of speculative schemers who make it their business to watch the advancing wave of improvement, and gather its foam in the form of patented monopolies, which enable them to lay a heavy tax upon the industry of the country, without contributing anything to the real advancement of the arts. It embarrasses the honest pursuit of business with fears and apprehensions of concealed liens and unknown liabilities to lawsuits and vexatious accountings for profits made in good faith.' "

And in Sears Roebuck & Co. v. Stiffel,. decided March 9, 1964, 376 U.S. 225, page 230, 84 S.Ct. 784, page 788, the Court reiterated that: "To begin with, a genuine 'invention' or 'discovery' must be demonstrated 'lest in the constant demand for new appliances the heavy hand of tribute be laid on each slight technological advance in an art.' Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 92, 62 S.Ct. 37, 41, 86 L.Ed. 58 (1941); see Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152–153, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950); Atlantic Works v. Brady, 107 U.S. 192, 199–200, 2 S.Ct. 225, 230–231, 27 L.Ed. 438 (1883)."

In the instant case, there is no genuine issue concerning the fact of the granting of the patents, nor is there any genuine issue as to what they cover or attempt to cover.

■ Design Patent 192,029 is a design patent for a molded plastic seat of bucket shape, with four straight legs.

Patent No. 3,032,375 covers a chair readily assemblable from a knock-down condition comprising a seat constituted by a plastic seating member, and rigid tubular legs, the upper end of each of which is split by a somewhat elongated slot of sufficient length so that when they are inserted into the leg-receiving sockets, the slots more or less close.

Patent No. 3,034,830 is described as a patent for a molded plastic seating unit.

To paraphrase from Syracuse v. Paris (9 Cir.1956), 234 F.2d 65, "one look" at the chairs is enough to convince the Court that the patent lacks the "standards of invention" that the United States laws are intended to protect.

Bucket seats, as they are now commonly called and which are the type of seat described in each of the patents, are seats shaped in whole or in part to more or less fit the contour of the human anatomy, and have been commonly known and used " 'til the memory of man runneth not to the contrary;" so have four legged chairs; so have removable legs from such chairs; so have slots and splines in the end of wood or other materials to be inserted into another material for gripping it more tightly; and so have slots and splines into which such insertion is made.

In short, the patents are wholly lacking in even the most liberal conception of the standard of invention to be applied.

For the foregoing reasons, plaintiff is entitled to a summary judgment holding that each of the patents in suit are invalid.

That being so, it is unnecessary to consider any of the other grounds for summary judgment, and whether or not the patents are infringed.

The defendant has two counter-claims for unfair competition.

The counter-claim designated as the Second Counter-claim for unfair competition, is based upon an asserted copying of defendant's chairs by the plaintiff.

The decision of the Supreme Court in the companion cases of Sears Roebuck & Co. v. Stiffel, and Compco Corp. v. Day-Brite Lighting, Inc., both decided March 9, 1964, 376 U.S. 225 and 234, 84 S.Ct. 779, settle, as a matter of law, the proposition that where a party depends upon the Federal Patent Laws, it cannot, under common law State right or Statutory State right recover for unfair competition.

For that reason, the plaintiff is entitled to a summary judgment on the Second Counter-claim of defendant for copying.

The Counter-claim designated as the Third Counter-claim for unfair competition is based upon the allegation of interference by the plaintiff with defendant's customers. Howsoever it is described, the real basis for it is a suit for unfair competition under the California Common law,[1] and in view of Sears Roebuck & Co. v. Stiffel, and Compco v. Day-Brite Lighting, Inc. above cited, this does not permit recovery in such a suit.

The defendant has another Counter-claim for trademark infringement. He asserts that on August 21, 1962, on application filed February 20, 1961, the defendant registered the words "FORM-FIT" with the United States Patent Office, Registry No. 736,402, as a Trademark for molded plastic chairs, and at all times and since, he has been, and is, the owner thereof, and uses that trademark in connection with advertising and sales of his plastic chairs. Defendant asserts that plaintiff has infringed said trademark registry "FORM-FIT" by the use of the words "CON-FORM-CHAIR" in commerce in connection with the sale of plaintiff's molded plastic chairs, and that it is likely to confuse and cause

1. "There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts." [Erie R. Co. v. Tompkins (1938) 304 U.S. 64, at p. 78, 58 S.Ct. 817, at p. 822, 82 L.Ed. 1188].

mistakes by the purchasers of such chairs as to the source or origin thereof.

In Fleischmann Distilling Corp v. Maier Brewing Company (9 Cir.1963) 314 F.2d 149, at page 152, cert. den. 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053, the Court, reiterated the position that the Appellate Court is in "as good a position as the Trial court for determining the probability of confusion," and elaborated that the reason therefor was because "this determination of likelihood of confusion partakes more of the character of the conclusion of law than of a finding of fact." That being so, the Court here is confronted with the necessity of making a determination as a matter of law whether or not there is such likelihood of confusion, and if there is not, to render a summary judgment for the plaintiff.

Judge Barnes, in Sleeper Lounge Company v. Bell Mfg. Company (9 Cir.1958) 253 F.2d 720, dwelt at length upon the tests and standards which were to be applied.

Applying the tests and standards there set forth to the composite trademark in its entirety, viz.: "FORM-FIT," and to the plaintiff's term "CON-FORM-CHAIR," the only similarity of sight or sound is in the word "FORM." The plaintiff's mark can be used only on a chair, whereas the defendant's mark may be applicable to anything, even though the defendant claims they are only used for "FORM-FIT" chairs. To allow defendant's claim to stand, would make his claim so broad as to embody all uses of the word "FORM" for chairs and other things, and all uses of the word "FIT" for chairs and other things. Such a monopoly was not contemplated by the Copyright and Trademark laws.

I conclude, as a matter of law, that there is no infringement of the trademark, and that the plaintiff is entitled to a summary judgment on that Count of defendant's Counterclaim.

Plaintiff will prepare, submit and serve the appropriate Judgment, under the Rules.