Jack **BAROFSKY**, Plaintiff,

v.

**GENERAL ELECTRIC CORPORATION,**
a New York corporation, Defendant.

No. 65–596.

United States District Court
S. D. California, C. D.

Aug. 10, 1966.

Smyth, Roston & Pavitt, by William H. Pavitt, Jr., Los Angeles, Cal., for plaintiff.

Harris, Kiech, Russell & Kern, by Ford Harris, Jr., and Richard A. Wallen, Los Angeles, Cal., for defendant.

MEMORANDUM OPINION AND DE-CISION GRANTING SUMMARY JUDGMENT IN FAVOR OF DE-FENDANT

WHELAN, District Judge.

Defendant's motion for summary judgment was heard before this Court on November 17, 1965. Permission was given at that time for defendant to file amended findings of fact and conclusions of law and for both parties to file supplemental memoranda, upon receipt of which the matter was taken under submission. Defendant urges that summary judgment be entered in its favor in this action for alleged infringement of plaintiff's design patent on the grounds that (1) plaintiff's patent is not valid and (2) plaintiff's patent is not infringed.

Plaintiff Jack Barofsky is the owner of United States Letters Patent D–176,492, in suit, Defendant's Exhibit A. Defendant General Electric Company, a corporation, has a regular and established place of business in this judicial district and has committed acts of alleged infringement in this district. This action arises under the patent laws of the United States (Title 35, United States Code), and this Court has jurisdiction over the parties and the subject matter hereof.

Plaintiff's said design patent, issued to him on January 3, 1956, is entitled "a

television cabinet or similar article." The design of said patent was conceived by plaintiff Barofsky not more than several weeks prior to the filing of his application therefor. (Plaintiff's deposition at p. 68.) It depicts, without supplementary written description, a rectangular box-like central cabinet in the upper part of which is provided a smaller rectangular space which would presumably house a television screen or some other electronic entertainment component. Plaintiff conceded in his deposition (pp. 54–55) that he claims no novelty for his design of the central cabinet. The dominant feature claimed for his design (as shown by solid lines used in contrast to the broken lines used for the center cabinet) are the doors attached to the center cabinet. These are shallower rectangular boxes approximately one-half the width and one-third the depth of the cabinet, having a plain and apparently solid frame and a front and rear surface of a mesh-like material; the last mentioned frame has a narrow molding thereon serving the merely functional purpose of retaining the cloth or fabric on the doors and its width is not material to the design of plaintiff's patent. (Barofsky deposition pp. 76–78.) Such molding was old in the art prior to his alleged invention. The doors may be moved to any one of three positions with respect to the central cabinet: (a) the position shown in Fig. 1 in which the right-hand door (as seen therein) extends out from the front face of the central cabinet at an angle of about 90° with respect thereto, and the left-hand door extends back from the front face of the central cabinet at an obtuse angle of about 220° with respect thereto; (b) the position shown in Figs. 2 and 4, in which the doors are moved to cover the face of the central cabinet; and (c) the position shown in Fig. 3, in which each of the doors is moved to a position in which it extends outwardly from the front face of the central cabinet at an obtuse angle of about 135° with respect thereto. Fig. 3 apparently illustrates the left-hand door (as seen in

Fig. 1) as being hinged to the central cabinet by a pair of conventional door hinges. As best shown in Figs. 2 and 4 of the Barofsky patent in suit, each of its doors is provided along its outer vertical edge with a bevel of about 45°, which is plainly apparent when such doors are closed as shown therein. As shown in Fig. 1, the bevel on the left-hand door permits it to be moved to the position shown therein, (Petrie Affidavit, Defendant's Exhibit G, Page 4) in which the inside of such door is at an angle of about 220° with respect to the front face of the central cabinet. If the right-hand door of the Barofsky cabinet (as viewed in Fig. 1) can or could be moved to a similar position with respect to the front face of the central cabinet, such bevel would permit it to do so. If both doors of the cabinet of the Barofsky patent in suit are hinged to the central cabinet, as is said left-hand door (as viewed in Fig. 1), such bevels on both doors would be necessary mechanically, to permit both doors to be moved back to such fully retracted position as illustrated by the left-hand door of Fig. 1.

There is nothing in the Barofsky patent in suit to indicate whether the doors, shown in solid lines in the drawings thereof, are solid or hollow. (Barofsky deposition, p. 82.) The patentee Barofsky, however, intended them to be hollow so that each could serve as a loudspeaker enclosure for the sound portions of a television set or the like, (Barofsky deposition, pp. 62–63, 68) and intended that the fabric or cloth covering each of the doors be sound permeable to permit the passage of sound therethrough. (Barofsky deposition, pp. 60–61, 65–66.) He intended that such cloth or fabric be the conventional grille cloth used in loudspeaker enclosures long prior to his alleged invention. (Barofsky deposition, p. 60.)

The cabinet of the '492 design patent in suit has a pair of doors, which when closed cover most of the face of the central cabinet thereof, as shown in Fig. 2, their dimensions and general appearance in elevation being determined by the

shape of the face of the central cabinet and being primarily functional. (Barofsky deposition, pp. 54–55, 70.) It was old in the art to provide television and radio cabinets having doors of similar elevational shape.

Each of the doors of the '492 design patent in suit is provided at about the center of the outside thereof (Figs. 2, 3, and 4) with a pull knob, for the functional purpose of permitting the doors to be opened or closed, and this was old in the art prior to Barofsky's alleged invention. (Barofsky deposition, pp. 58–59.) It thus appears that plaintiff contends that a television cabinet with dual doors which are much thicker than most, hinged to the front sides of a central cabinet, and covered on both front and back surfaces with grille cloth offers a patentably new and original design under Title 35 U.S.C. § 171. However, such contention flies in the face of the prior art before the Court in this matter.

It is not disputed between the parties herein that it was old in the art prior to plaintiff's design to house television or phonograph components in a box-like cabinet in front of which two symmetrical hinged doors of solid or other material closed to conceal the entertainment components (plaintiff's deposition, pp. 56–62). A sound permeable grille cloth covering on cabinet doors was also in common usage at that time. (E. g. Defendant's exhibit F8(a).) Nor were thickened doors then unknown. (Defendant's Exhibit 3.)

As stated, each of the doors of the cabinet of the '492 design patent in suit is relatively thick, for the functional purpose of housing a loudspeaker component. (Barofsky deposition, p. 74.) It was old in the art prior to Barofsky's alleged invention to provide a radio cabinet having thick movable doors adapted to house loudspeaker components, as shown in the following patent:

DeBoer Patent, No. 2,547,447, Defendant's Exhibit F10; and as heretofore stated, relatively thick hinged doors on a television or radio cabinet were old in the art prior to the alleged invention.

It was also old in the art to mount loudspeaker components on each of a pair of hinged doors, as shown by the following patents:

Owens Patent, No. 1,813,542, Defendant's Exhibit F11;

Belgian Patent, No. 404,293, Defendant's Exhibit F12.

The '492 design patent in suit has a central cabinet to which is hinged at least one of a pair of loudspeaker enclosures, such hinging being for the functional purpose of permitting movement of the door or doors relative to the central cabinet. It was old in the art prior to Barofsky's alleged invention to hinge one or a pair of loudspeaker enclosures to a central cabinet, as shown by the following patents:

Belgian Patent, No. 404,293, Defendant's Exhibit F12;

French Patent, No. 909,299, Defendant's Exhibit F13; French Patent, No. 758,706, Defendant's Exhibit F14.

None of the prior art patents and publications introduced in evidence on the motion which are pertinent to the consideration of the motion, other than Barofsky's Patent D–170,001, was cited or considered by the Patent Office in connection with the application for the Barofsky '492 design patent in suit, and they are more pertinent to the design of the patent in suit than any prior art so considered by the Patent Office.

The only separate feature of the cabinet of the '492 design patent in suit which is not shown in the prior art of record is the vertical bevel on the outer side at the end of each of the doors (best illustrated in Figs. 2 and 4). This obviously serves the functional purpose of permitting each of the doors to be moved to the fully opened position similar to that of the left-hand door shown in Fig. 1 of the patent in suit. The provision of such bevels on the doors of a cabinet for the same functional purpose would have been obvious at the time of

Barofsky's alleged invention to a person having ordinary skill in the cabinet art.

All of the appearance features of the cabinet of the '492 design patent in suit are dictated primarily by functional or mechanical requirements. The design of the cabinet of the patent in suit is not ornamental in its overall appearance nor in any of the separate design features thereof. However, if there are any ornamental or so-called pleasing effects of the design of the cabinet of the patent in suit they are merely a by-product of said functional or mechanical requirements.

Any so-called pleasing effects of the design of the cabinet do not substantially alter the appearance of known forms, or present a variation not obvious to one skilled in the art at the time. Bliss v. Gotham Industries, Inc., 316 F.2d 848, 850 (C.A.9 1963); Kurzen v. Marzall, 88 U.S.App.D.C. 274, 188 F.2d 673 (1951).

■ Where as here the design appears to derive principally from a functional rather than a design objective, it must be ignored in assessing design validity. Hopkins v. Waco Products Inc., 205 F.2d 221 (C.A.7 1953); Laskowitz v. Marie Designer, Inc., 119 F.Supp. 541, 547 (S.D.Cal.1954). Conversely, judging from the designation of his design originally selected and strongly contended for by plaintiff herein, i. e., a design for "a Housing for the Sound Portions of a Television Cabinet or Similar Article," plaintiff's design merely hinges two conventionally shaped separate speaker units to a central cabinet so that the speakers may also serve as doors.

■ Where, as here, there is no genuine dispute concerning the nature of the prior art, nor the nature of the patentee's alleged improvement thereon, and the conception of the patent in suit can be readily understood by the Court without the need of expert testimony, the validity of a patent challeged for lack of invention becomes a question of law which the Court may properly resolve upon a motion for summary judgment.

Duplex Straw Dispenser Co. v. Harold Leonard & Co., 229 F.Supp. 401 (S.D. Cal.1964); Alladin Plastics, Inc. v. Jerrold Stephan Co., 362 F.2d 532 decided by Court of Appeals for the Ninth Circuit May 20, 1966, and affirming 229 F. Supp. 536, 538 (S.D.Cal.1964); Dolgoff v. Kaynar Co., 18 F.R.D. 424, 429–430 (S.D.Cal.1955); cf., National Lead Co. v. Western Lead Products Co., 291 F.2d 447, 451 (C.A.9 1961).

■ The patentee directed his original application for the patent · in suit only to a "Housing For the Sound Portions Of a Television Cabinet or Similar Article," (Defendant's Exhibit D, pp. 1–3); but, in response to requirements of the Patent Office, (Defendant's Exhibit D, pp. 6, 7, 14, and 21) he amended his application and its claim to cover a complete "Television Cabinet or Similar Article." (Defendant's Exhibit D, p. 22.) As a result thereof, the patentee is now estopped to contend that the patent in suit covers anything less than the complete cabinet shown and described therein, or that any features shown and described therein are not material elements of the patented design. See Graham v. John Deere Company of Kansas City et al., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 decided Feb. 21, 1966.

The record in this case discloses that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ Said Letters Patent D–176,492 and the claim thereof are invalid and void in law, because the design thereof is not ornamental as required by Title 35 U.S.C. § 171, and because there is no invention in view of the prior art (Title 35 U.S.C. § 103). Any presumption of validity is overcome by the fact that the most pertinent prior art was not cited or considered by the Patent Office in connection with the application. Where, as here, invention is so clearly lacking as to invalidate the patent, issues of infringement become moot. Bliss v. Goth-

am Industries, Inc., 316 F.2d 848 (C.A.9 1963). Accordingly,

It is ordered that defendant's motion for summary judgment is hereby granted.

This memorandum shall constitute the findings of fact and conclusions of law of the Court and it is ordered that summary judgment be entered.