## MAHAN v. UNITED STATES.

1. The 4th and 5th rules regulating appeals from the Court of Claims, were designed to enable a party to secure a finding of fact on any point material to the decision by that court.
2. But a failure of the court to find the fact as the party alleges it to be, will not justify the bringing of all the evidence on that subject before this court, though on a refusal of that court to make any finding on the subject, the Supreme Court may remand the case for such finding.

THIS was a motion in a suit which had come here on appeal from the Court of Claims; the case being thus:

Some years ago, by act of Congress, appeals were allowed from the Court of Claims to this court; and this court, in conformity with authority given in the act, prescribed certain rules under which the appeals might be heard. They were thus:

### RULE I.

In all cases hereafter decided in the Court of Claims, in which, by the act of Congress, such appeals are allowable, they shall be heard in the Supreme Court upon the following record, and none other:

1. A transcript of the pleadings in the case, of the final judgment or decree of the court, and of such interlocutory orders, rulings, judgments, and decrees, as may be necessary to a proper review of the case.

2. A finding of the facts in the case by said Court of Claims, and the conclusions of law on said facts on which the court founds its judgment or decree.

---

* Houseman v. The Schooner North Carolina, 15 Peters, 49; McKinlay v. Morrish, 21 Howard, 355; Lawrence v. Minturn, 17 Id. 100.

. The finding of the facts and the conclusions of law to be stated separately and certified to this court as part of the record.

The facts so found are to be the ultimate facts or propositions which the evidence shall establish, in the nature of a special verdict, and not the evidence on which those ultimate facts are founded.

### Rule II.

In all cases in which judgments or decrees have heretofore been rendered, where either party is by law entitled to an appeal, the party desiring it shall make application to the Court of Claims by petition for the allowance of such appeal. Said petition shall contain a distinct specification of the errors alleged to have been committed by said court in its rulings, judgment, or decree in the case. The court shall, if the specification of alleged error be correctly and accurately stated, certify the same, or may certify such alterations and modifications of the points decided and alleged for error as, in the judgment of said court, shall distinctly, fully, and fairly present the points decided by the court. This, with the transcript mentioned in Rule 1 (except the statement of facts and law therein mentioned), shall constitute the record on which those cases shall be heard in the Supreme Court.

### Rule III.

In all cases an order of allowance of appeal by the Court of Claims, or the chief justice thereof in vacation, is essential, and the limitation of time for granting such appeal shall cease to run from the time an application is made for the allowance of appeal.

These rules not being found quite sufficient, this court at a later date (December Term, 1869) adopted two additional rules, thus:

### Rule IV.

In all cases in which either party is entitled to appeal to the Supreme Court, the Court of Claims shall make and file their finding of facts, and their conclusions of law therein, in open court, before or at the time they enter their judgment in the case.

### Rule V.

In all such cases either party, on or before the hearing of the

cause, may submit to the court a written request *to find specifi-
cally as to the matter of fact which such party may deem material to
the judgment in the case, and if the court fails or refuses to find in
accordance with such prayer*, then such prayer and refusal shall
be made a part of the record, certified on the appeal, to this
court.

In this state of the rules, Mrs. E. Mahan claiming certain
property in the treasury of the United States, and having
made a claim and produced her evidence in the Court of
Claims, filed a written request to the court, before its decree
was rendered, that it would find, as a matter of fact, that
the title and ownership of the property in question was in
her, and that she was entitled to recover the proceeds thereof.
The court refused to do this, but found, to the contrary, that
she was not the owner of the captured property, and was not
entitled to the proceeds of it in the treasury.

Having set forth these facts in this court, where the case
had now been brought by her on appeal, her counsel, *Mr.
R. M. Corwine*, now moved to remand the case for further
findings, maintaining that, under Rule 5, above quoted,
regulating appeals from the Court of Claims, she was enti-
tled to have all the evidence which was before the Court of
Claims brought here, and have this court decide the question
which she propounded to that court.

And it was argued by him that these rules, especially the
4th and 5th rules, were adopted in order and to the end that
disputed questions of fact might be brought here for review.

*Mr. B. H. Bristow, Solicitor-General, contra.*

Mr. Justice MILLER delivered the opinion of the court.

The view taken by the appellant's counsel of the rules
regulating appeals from the Court of Claims, is a total mis-
conception of their spirit if not of their letter.    It is not pos-
sible to look at the three first rules adopted when the appel-
late jurisdiction of this court was first exercised, without
seeing that the purpose was to bring nothing here for review
but questions of law, leaving the Court of Claims to exer-

cise the functions of a jury in finding facts, equivalent to a special verdict, and with like effect.

In practice it was found that the Court of Claims did not, in many cases, make the necessary finding of facts until after they had rendered their decree, and complaints were made here that the findings were often insufficient to present the law points on which parties relied, and of which they desired a review in this court.

To remedy these evils the 4th and 5th rules were adopted at the December Term, A.D. 1869.

The fourth requires the Court of Claims to make and file their finding of facts in all cases where an appeal can be taken, in open court, at or before the time of entering their judgment. The fifth rule enables a party to obtain a finding of that court on any question of fact arising in the case and deemed by him essential to its decision. He has only to file a written request that, as to that point, the court will make a finding. But it was never supposed that the party would ask or the court must find the fact to be as the party claimed it, and if they did not, that he could, for that reason, bring the whole testimony here to show that he was right. To do this would be to render useless all the rules adopted by this court, and to reverse the system on which we have proceeded from the first.

The rule does say that if the Court of Claims refuses to find as prayed, the prayer and refusal must be made part of the record. The remedial purpose of this rule is that when a party has, in writing, indicated a specific question of fact on which he desires the Court of Claims to make a finding, and the court has neglected or refused to do so, this court may be able to determine whether the question is one so necessary to the decision of the case that it will send it back for such finding.

In the present case the Court of Claims did make a very explicit finding on the question of fact presented by the request of plaintiff, and this is all the rule required, though the finding is contrary to her averment.

MOTION OVERRULED.