PIoavey, J.,
delivered the opinion of the court:
Plaintiff entered into a contract with the United States on June 16, 1905, to deliver to the Isthmian Canal Commission certain materials consisting of iron pipes and valves for installing a water system on the Isthmus of Panama. The material Avas to be delivered at Colon complete on or before September 30, 1905, and was not to be accepted or paid for until inspection and acceptance by a representative of the canal commission. The price was $128,108.30 (unit prices goA’erning the sum to be paid) and the contract provided that in case of failure defendants should have the power to supply the deficiency of material by purchase in the open market, or other Avise, at will, and the contractor was to be charged the increased cost, if any, of the articles so purchased over Avhat they would have cost at the prices stipulated.
*126 The contractor did not perform its contract by delivering the material within the time specified, but defendants nevertheless permitted deliveries to be continued until the contract was fully performed. Settlement was made as named in the agreement, and no increased charge account was offered by the defendants. Thereafter defendants ascertained •an alleged amount of actual damage occasioned by delay in delivery of the material and deducted the amount from other moneys which they held to the credit of the contractor under a subsequent contract. The contractor protested against the deduction and filed a claim for it in the office of the Auditor for the War Department. The claim was disallowed, and on appeal the decision refusing payment was affirmed by the Comptroller of the Treasury. (15 Comp. Dec., 282.)
An inspection of the proceedings under the first contract discloses that the merchandise was inspected according to the agreement and accepted by defendants with knowledge of the delay. No penalty had been provided, nor had any amount been fixed as liquidated damages, by the contract, for failure to deliver within the time specified.
Subsequently, on December 18, 1906, plaintiff entered into another contract whereby it undertook for an agreed price to deliver on the Isthmus other material, and this contract was in all respects fully performed. About April 1, 1907, the disbursing officer of defendants in making settlement with plaintiff of the balance due under the last contract deducted from said balance the amount in controversy in the present suit for and on account of alleged “ damages sustained by the United States on account of failure of contractor to complete delivery of materials purchased” under the first contract within the time specified. The present action is for the amount due under this last contract. Defendants now claim there was a breach of the terms of the prior agreement and that the Government can retain moneys due under the second contract on account of thé alleged breach of the first. The defense is accompanied with the Government’s counterclaim, and defendants have proceeded to take testimony to make it good, if practicable. Thereupon plaintiff has moved to suppress the evidence taken for defendants upon the ground that any evidence *127 offered to show increased cost on the first contract materials is incompetent, immaterial, and irrelevant to the present issue.
The case being submitted on the motion to suppress, the court is not now concerned with the merits of the controversy, but the facts are stated for a clear understanding of the matter arising out of the motion.
Decisions relating to methods of procedure and practice are sometimes necessary in order to emphasize the reasons which underlie the making of rules governing the practice of the court and to show the necessity for the enforcement of regulations designed for all cases alike as near as may be.
Especially is it material for parties to conform to the rules prescribed by the appellate power where appeals are allowable. Rule II, as adopted by the Supreme Court 45 years ago and subsequently added to and amended, provides for findings by the Court of Claims of the facts established by the evidence but not the evidence establishing the facts; and a separate statement of the conclusions of law upon such facts as the judgment or decree is rested. Facts must appear in the nature of a special verdict, and, together with the conclusions of law, must be certified to the appellate court.
Our own rules provide for requests for findings. These rules have the effect of law where not inconsistent with any statute, or rule prescribed for our guidance by the appellate court, in cases which may be taken there.
If, on the motion, defendants’ evidence in support of the counterclaim is stricken out the practical result would be the entry of judgment for plaintiff if otherwise entitled on its demand. On appeal, it is true, the order of the court suppressing the depositions would go into the record as a part of the case to be considered with the appeal by the Supreme Court. But if that court found error in the disposition made here of the counterclaim, reversal not only could but would follow for further proceedings in this court. Delay would ensue because an incomplete case — a case partially tried — had gone up before completion of the testimony. • A result involving such vexatious and useless delay ought to be avoided.
*128 Nor should this court be subjected to trying cases on different issues at different times where one hearing is sufficient. There are difficulties incident to trying cases in part ■and awaiting possible results elsewhere not only to litigants but to the court itself. The court should not be compelled to give its attention at every, step taken by the parties during the preparation of the issues so as to involve useless waste of time. Full and ample opportunity to present their respective theories not only should be afforded counsel in making ready for trials, upon lines deemed necessary by them, but the court itself should not be obliged to try a case several times when one trial on the merits will suffice.
The findings of ultimate fact made by this court can not be reviewed. Mahan v. United States, 14 Wall., 109; Stone v. United States, 164 ib., 380. In an action at law our findings determine all matters of fact like the verdict of a jury.
For the purposes of the present case we conclude that the sufficiency of the counterclaim can not be determined on the motion to suppress. If we should treat the motion as a demurrer to the evidence, then such motion necessarily reaches back and concedes the sufficiency of the counterclaim as a cross action as well as the competency of the evidence in support of the cross demand, while denying the sufficiency of the evidence to establish the defendants’ counterclaim.
Independent of the reasons assigned for our action, the motion to suppress must be overruled on another ground. Plaintiff stood by and allowed the evidence to be taken without objection, and is now estopped from summarily getting rid of the proof in the manner and form suggested by the motion. The record shows consent to the taking of the testimony.
The general right of this court to pass upon the admissibility of evidence is not denied, and cases may arise where motions to suppress depositions upon the ground of incompetency, irrelevancy, or other sufficient cause will be entertained subject to review. But under the rules the speedy administration of justice generally requires that findings be made upon competent evidence in appealable cases. A dif *129 ferent practice would sometimes cause delay in the final settlement of the litigation in this court. In conforming to the practice requiring findings, the rule should not be so interpreted as to allow the record to be burdened with immaterial matter which either party to the litigation may see fit to call evidence.
The motion is denied.