**SILVRAY LIGHTING, Inc. v. VERSEN et al.**

**No. C–10139.**

United States District Court, D. New Jersey.

Oct. 20, 1950.

Darby & Darby, New York City, for plaintiff.

Karl Huber, Newark, N. J., for defendants.

SMITH, District Judge.

This is a civil action under the patent laws for the infringement of a patent. The action is before the Court at this time on a motion for summary judgment filed by the defendants under the Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. It is our opinion that the action is not one that will readily lend itself to summary disposition under the said rule.

### Issue of Infringement.

The defendants, having previously filed an answer in which they denied infringement, move for summary judgment on the issue thus raised. The record before the Court at this time includes: affidavits, the patent in suit, the file wrapper and contents, and other exhibits. We are now asked to decide the issue of infringement on this record, and without extrinsic evidence.

■ The issue of infringement is usually an issue of fact. Nicholl, Inc., v. Schick Dry Shaver, 9 Cir., 98 F.2d 511, 513; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., 9 Cir., 151 F.2d 91, 95; Faulkner v. Gibbs, 9 Cir., 170 F.2d 34, 37. Such an issue can be decided only after a trial of the action on the merits. Van Wormer v. Champion Paper & Fibre Co., D.C., 28 F.Supp. 813, 815; American Optical Co. v. New Jersey Optical Co., D.C., 58 F.Supp. 601, 605. We are fully aware that such an issue may be one of law "where, with all the evidence before the court, it appears that no substantial dispute of fact is presented, and that the case may be determined by a mere comparison of structures and extrinsic evidence is not needed for purposes of explanation, or evaluation of prior art, or to resolve questions of the application of descriptions of subject-matter". Cf. United States v. Esnault-Pelterie, 303 U.S. 26, 30, 58 S.Ct. 412, 414, 82 L.Ed. 625 and the cases therein cited; Nicholl, Inc., v. Schick Dry Shaver, supra. This rule is not applicable in the instant case.

■ The evidence here presented by the defendants, supplemented by the usual expert testimony, may ultimately prove sufficient to sustain the defense of noninfringement. The evidence, however, will not support a determination at this time that there is no genuine issue of fact, a prerequisite to the entry of summary judgment; at least the evidence is not sufficiently clear to dispel our doubts. See Bridgeport Brass Co. v. Bostwick Laboratories, Inc., 2 Cir., 181 F.2d 315.

■ The rule vests in the court a limited authority to enter summary judgment only where it clearly appears from the record that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This construction has been repeated so often that it seems unnecessary to cite the many cases in support of it. There is no authority in the court to summarily try the factual issues in advance of trial. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Colby v. Klune, 2 Cir., 178 F.2d 872; Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390. The ordinary mode of trial in this, as in other cases, has not been replaced so as to permit a summary determination of factual issues.

The principles stated by Chief Judge Parker in Stevens v. Howard D. Johnson Co., supra, are apposite. It is therein stated, 181 F.2d at page 394: "The motion for summary judgment, authorized by rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., which in effect legalizes the 'speaking' demurrer, has an important place in providing a prompt disposition of cases which have no possible merit and in preventing undue delays in the trial of actions to which there is no real defense; but it should be granted only where it is perfectly clear that no issue of fact is involved and *inquiry into the facts is not*

*desirable to clarify the application of the law.* See Westinghouse Electric Corp. v. Bulldog Electric Products Co., 4 Cir., 179 F.2d 139, 146; Wexler v. Maryland State Fair, 4 Cir., 164 F.2d 477. And this is true *even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.* Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Furton v. City of Menasha, 7 Cir., 149 F.2d 945; Shea v. Second Nat. Bank, 76 U.S.App.D. C. 406, 133 F.2d 17, 22." (Emphasis by this Court.)

### Misuse of Patent.

 The defendants further urge in support of the motion that the patent in suit is being used illegally in restraint of trade. It must be conceded that the misuse of a patent by the owner thereof may, and should, bar the latter from relief in a court of equity. Motion Pictures Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871; Carbice Corp. of America v. American Patents Development Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376. It does not follow, however, that the question raised by such a defense must be summarily tried on a motion for summary judgment. Westinghouse Elec. Corp. v. Bulldog Elec. Prod. Co., 4 Cir., 179 F.2d 139.

The case of Westinghouse Elec. Corp. v. Bulldog Elec. Prod. Co., supra, is in point. It was therein stated, 179 F.2d at page 146: "A party charged with infringement should not be permitted too easily to escape trial of the issue by raising a clamor to the effect that the holder of the patent alleged to have been infringed has done something that he should not have done. The public interest would be better served by a full hearing on all issues involved, before there is any attempt at dismissal in application of the clean hands doctrine, than by dismissal in advance of hearing on the motion of one who comes into court admitting for the purposes of his motion that he himself is guilty of infringement."

 The general principle stated by Judge Hutcheson in the case of Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61, 63, is particularly applicable here. We quote it and adopt it as our ultimate conclusion: Since "this is a patent suit and as such there is a public interest involved, instead of being tried and determined piecemeal, * * *, it ought to be determined as a whole on the issues of patent validity, infringement and misuse. Tried and determined as a whole, the questions raised upon the issue of plaintiff's unjust and unfair uses and practices in respect of the patent could then be considered in the light of the realities as to whether plaintiff has a patent and whether defendant has infringed it, and not, * * *, by a kind of shadow boxing in vacuo."

### Conclusion.

The motion for summary judgment will be dismissed for the reasons herein stated. The plaintiff will prepare and submit to the Court an order of dismissal.