**MARINO SYSTEMS, INC., Appellant,**

v.

**J. COWHEY & SONS, INC., Appellee.**

**No. 79–1172.**

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1980.

Decided Sept. 26, 1980.

---

314

Floyd A. Gibson, Charlotte, N. C. (James D. Myers, Paul B. Bell, Bell, Seltzer, Park & Gibson, Charlotte, N. C., on brief), for appellant.

John G. Mills, III, Raleigh, N. C. (Mills & Coats, P.A., Raleigh, N. C., on brief), for appellee.

Before RUSSELL and SPROUSE, Circuit Judges, and HADEN, District Judge.*

HADEN, District Judge:

This action originated in a patent infringement action brought by Marino Systems against George Arapage and his business, Air Systems, Inc., as Defendants, based upon Cowhey's manufacture of devices alleged to be infringements of Marino's patent number 3,701,559 for a novel and inventive cargo handling device that allows multiple unit "break–bulk" cargo to be brought together and unitized once at the point of origination, transported together, and then to ultimate destination without repeated handling of the individual cargo units. The patented device effectively fulfills its functions, while being relatively inexpensive and easy to use. Cowhey, because of its aligned interest with Arapage

---

* Charles H. Haden II, United States District Judge, Northern and Southern Districts of West Virginia, at Parkersburg, sitting by designation.

and Air Systems, Inc., stipulated that it would be bound by the final judgment in that original action.

In that first civil action, the Defendants defended on the ground that they were not guilty of infringement because the Marino patent was invalid because: (1) it was obvious, 35 U.S.C. § 103; and (2) the named inventors, the Marino brothers, were not the true inventors of the invention. The jury found that the patent was valid and infringed. Subsequently, the court granted Defendant's motion for a new trial solely as to the issue of inventorship. Once again, the jury found in favor of Marino and final judgment was entered in its favor.

Subsequently, Cowhey began manufacturing and/or marketing a device which it considered to be different from the Marino device. After selling five of the Cowhey devices, Cowhey's counsel notified Marino's counsel, whereupon Marino brought the instant action in the district court, alleging that the Cowhey device infringed the Marino patent and that Cowhey, therefore, was in contempt of the judgment in the original action.

After receiving briefs, the affidavits of expert witnesses on the matter, and after conducting a hearing, the district court found that there was no infringement of the Marino patent by Cowhey and, therefore, no contempt. Plaintiff then moved to amend that order as being totally inconsistent with the facts in the record, which motion was denied. Marino appeals here the district court's finding that the Cowhey device did not infringe the Marino patent.

■ The question of infringement generally is a question of fact and, therefore, we are constrained by *Rule* 52(a), Federal Rules of Civil Procedure, to affirm the district court's findings unless "clearly erroneous". *Graver Tank and Manufacturing Co. v. Linde Air Products Co.*, 339 U.S. 605, 610, 70 S.Ct. 854, 857, 94 L.Ed. 1097 (1950); *Porter–Cable Machine Co. v. Black & Decker Mfg. Co.*, 402 F.2d 517, 519 (4th Cir. 1968), *cert. denied*, 393 U.S. 1063, 89 S.Ct. 716, 21 L.Ed.2d 706 (1969). This standard on review applies to the determination of whether an accused device is within the language of a claim in a patent (literal infringement), *Olympic Fastening Systems, Inc. v. Textron, Inc.*, 504 F.2d 609, 619 (6th Cir. 1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1447, 43 L.Ed.2d 762 (1975), as well as to the determination of whether there is infringement under the doctrine of equivalents. *Graver, supra*, 609–610; *Bendix Corp. v. Balax, Inc.*, 421 F.2d 809 (7th Cir. 1970), *cert. denied*, 399 U.S. 911, 90 S.Ct. 2203, 26 L.Ed.2d 562 (1970); *Hazeltine Research, Inc. v. Admiral Corp.*, 183 F.2d 953 (7th Cir. 1950). Marino contends, however, that we should apply full appellate review in this case because there was no "real dispute" as to the facts, that the district court essentially made its legal conclusions wholly upon a comparison of the structures of the devices and on the basis of documentary evidence.

■ We disagree. Although the identity and structure of the devices in question was not disputed, and the experts testified by way of affidavit, it is apparent that the trial court indeed made factual determinations. For example, in determining the issue of literal infringement, the affidavit testimony of both experts was in complete disagreement. The district court rejected the analysis and conclusions of Marino's expert which contained an attempt to equate the "means" language of claim one of the Marino patent to the structure of the accused Cowhey device. It appears to us, at the very least, that these facts were not undisputed, and that extrinsic evidence was required "to resolve questions of the application of descriptions to subject–matter". *United States v. Esnault–Pelterie*, 303 U.S. 26, 30, 58 S.Ct. 412, 414, 82 L.Ed. 625 (1938) (per curiam). With the foregoing in mind, we now review the findings of the district court.

■ Marino contended that the accused device is covered by claim one of the Marino patent and, therefore, is a literal infringement of the Marino patent. Literal infringement is established when an accused device falls within the literal language of

any claim of a patent. *Graver, supra,* 607. After having viewed the devices, and having considered the conflicting expert testimony, the district court interpreted the language of claim one and concluded that there was no literal infringement.

■ On appeal, Marino argues that the court erroneously considered the scope of claim one. In essence, Marino contends the court narrowly limited its construction of claim one by reliance upon an embodiment of the patent, instead of properly giving a broad construction to the "means" language of the claim. The law provides that a claim may define an invention by way of "means" language—i. e., means for performing a function—without describing a particular structure. 35 U.S.C. § 112; see generally *In Re Sweet,* 393 F.2d 837 (C.C.P.A. 1968). Noting that the language of claim one was clear and unambiguous, the district court concluded that the accused device did not fall within the literal language of claim one. We find the court's conclusion to be unassailable. The "means" language of claim one was qualified so as not to encompass the structurally and functionally different Cowhey device. Marino simply urges too broad an interpretation of claim one.

■ Similarly, we find the court correctly concluded that the Cowhey device was not the functional equivalent of any embodiment of the invention disclosed by the Marino patent. Under the doctrine of equivalents an accused device infringes a patent, even though there is no literal infringement, if the accused device "performs substantially the same function in substantially the same way to obtain the same result." *Graver, supra,* at 339 U.S. 608, 70 S.Ct. at 856, quoting *Sanitary Refrigerator Co. v. Winters,* 280 U.S. 30, 42, 50 S.Ct. 9, 13, 74 L.Ed. 147 (1929), which quoted *Machine Co. v. Murphy,* 97 U.S. 120, 125, 24 L.Ed. 935 (1877). Once again, the district court carefully analyzed the differences in structure and function between the accused device and any embodiment of the invention dis-

closed by the Marino patent, and concluded "that the two devices do the same work. That they do not do this work in substantially the same way seems equally clear."

We find that the district court's conclusions are not clearly erroneous. See *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969).*

Because we affirm the district court's conclusions that there was neither literal nor equivalent infringement, we find it unnecessary to consider Marino's alternative argument that the district court erred in concluding that the accused device did not embody the "inventive concept" of the Marino patent.

Having concluded there was no infringement, it follows that there was no contempt and, therefore, the district court properly denied Marino's application for attorney fees and costs. See *Charles Pfizer & Co. v. Davis–Edwards Pharmaco Corp.,* 385 F.2d 533 (2nd Cir. 1967); *Florida Brace Corp. v. Bartels,* 332 F.2d 337 (9th Cir. 1964).

The judgment of the district court is affirmed.

---

* Parenthetically, we note that even were we to apply full appellate review, we would conclude that the district court's findings were correct.