CREATIVE COOKWARE, INC., Appellee,

v.

NORTHLAND ALUMINUM PRODUCTS, INC., Appellant.

CREATIVE COOKWARE, INC., Appellant,

v.

NORTHLAND ALUMINUM PRODUCTS, INC., Appellee.

Nos. 81–1799, 81–1820.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1981.

Decided May 10, 1982.

Robert J. Tansey, Jr., David L. Black, Stacker, Ravich & Simon, Minneapolis, Minn., for Creative Cookware, Inc.

Orrin M. Haugen, Haugen & Nickolai, Thomas E. Harms, Hessian, McKary & Soderberg, Minneapolis, Minn., for Northland Aluminum Products, Inc.

Before LAY, Chief Judge, and HENLEY and ARNOLD, Circuit Judges.

HENLEY, Circuit Judge.

Defendant Northland Aluminum Products, Inc. appeals the judgment of the district court[1] for plaintiff Creative Cookware, Inc. in this action for patent infringement. Creative cross-appeals the denial of treble damages, attorney's fees, and prejudgment interest. We affirm.

The dispute in this case involves the validity and alleged infringement of a patent for a crepe pan issued to Messrs. Mecklenburg and Landblom, and assigned to Creative Cookware. It was the inventors' intent to make an inverted crepe pan which could be used in the home by employing a dipping process they had observed when visiting a place known as a "Magic Pan" restaurant. The three basic elements of the resulting patented device were (1) a convex cooking surface; (2) an axially extending lip at the edge of the surface; and (3) heat-conducting fins underneath. In July, 1975 Northland began marketing a crepe pan with these three characteristics. This model was represented at trial, and will be referred to in this opinion as Exhibit 63. Later, upon advice of counsel, Northland modified the upward turned "lip" of the pan to a horizontally extending "ledge."

This suit was filed by Creative on December 6, 1979. Northland denied infringement and challenged the validity of Creative's patent on the grounds that it was obvious, that it was anticipated by prior art, and that Creative had committed fraud by not disclosing prior art to the Patent Office Examiner. At the close of Creative's case-in-chief, Northland moved for directed verdict on the issue of lost profits. This motion was denied, and it appears that neither party made any motions at the close of Northland's case-in-chief or at the close of Creative's rebuttal. The jury returned a special verdict for Creative on the issues of fraud, obviousness, anticipation by prior art, and infringement, and assessed damages in the amounts of $22,900.00 based on infringement by Exhibit 63, and $565,073.00 based on infringement by the modified model. After the verdict was returned, Northland renewed its motion for directed verdict, and also moved in the alternative for judgment n.o.v., new trial, or amended judgment. These motions were denied. Creative filed post-trial motions for, among other things, prejudgment interest, attorney's fees, and treble damages. Based on the jury's finding that the infringement by Exhibit 63 was willful and wanton, the court doubled that portion of the damages to $45,800.00, but declined to award attorney's fees or prejudgment interest. Northland was permanently enjoined from manufacturing or selling either the original or modified models, and judgment was entered for a total amount of $610,873.00.

## I. VALIDITY

The validity of a patent is based on three elements—novelty, utility, and nonobviousness. 35 U.S.C. §§ 101–103; *American Infra-Red Radiant Co. v. Lambert Industries*, 360 F.2d 977, 984 (8th Cir.), *cert. denied*, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966). Once issued, a patent is presumed valid, 35 U.S.C. § 282, and the challenging party has the heavy burden of proving invalidity by substantial evidence. *Clark Equipment Co. v. Keller*, 570 F.2d

1. The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota.

778, 794–95 (8th Cir.), *cert. denied*, 439 U.S. 825, 99 S.Ct. 96, 58 L.Ed.2d 118 (1978). Northland contends that Creative's patent is invalid because it was anticipated by prior art, and therefore lacks novelty, *see E. I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d 1247, 1261–62 (8th Cir. 1980); because the patent claim was obvious, that is, the difference between the subject of the patent claim and prior art was such that the subject sought to be patented would have been obvious to a person having ordinary skill in the pertinent art, 35 U.S.C. § 103; and because the patent was obtained by fraud. *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 185 n.11 (8th Cir. 1976), *cert. denied sub nom. International Rectifier Corp. v. Pfizer, Inc.*, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977).

 Before addressing these contentions, our attention must first be directed to Creative's assertion that Northland has not preserved these issues for review by raising them in a motion for directed verdict as required by Fed.R.Civ.P. 50(b).[2] *Albrecht v. Herald Co.*, 452 F.2d 124, 127 (8th Cir. 1971). Northland submits that a motion for directed verdict was not required since the issue of patent validity is a question of law, *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966), and is therefore to be determined by the court rather than the jury.[3] *See American Infra-Red Radiant Co. v. Lambert Industries*, 360 F.2d at 989. It has further been established in this circuit that the subordinate issue of obviousness is also a question of law subject to evaluation on appeal. *Clark Equipment v. Keller*, 570 F.2d at 789; *Flour City Architectural Metals v. Alpana Aluminum Products, Inc.*, 454 F.2d 98, 106 (8th Cir. 1972). *Cf. E. I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d at 1263. However, these conclusions of law are based on relevant factual inquiries, *Graham v. John Deere Co.*, 383 U.S. at 17–18, 86 S.Ct. at 693–694, such as the anticipation by prior art, *cf. E. I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d at 1261–63; *American Infra-Red Radiant Co. v. Lambert Industries*, 360 F.2d at 987–88, and, with respect to the issue of obviousness, the scope of prior art, the difference between the prior art and the patent claim, and the applicable level of ordinary skill. *Graham v. John Deere Co.*, 383 U.S. at 17–18, 86 S.Ct. at 693–694; *E. I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d at 1263–64.[4] Thus, although we may review the legal conclusions of obviousness and validity, an attack on the sufficiency of the evidence supporting the underlying fact findings must be preserved by a motion for directed verdict.

**2.** Northland's motion for directed verdict at the close of Creative's case-in-chief was limited to the issue of lost profits. *See Johnson v. Rogers*, 621 F.2d 300, 305 (8th Cir. 1980). Because a motion for judgment n. o. v. is a technical renewal of a motion for directed verdict, it cannot raise issues not included in the motion for directed verdict. *Id.*

**3.** Northland also contends that these issues were decided by the court on the basis of its equity jurisdiction and that the jury's verdict should therefore be considered, at the most, as advisory. It is conceded, however, that the case involves both legal and equitable issues. Moreover, the trial judge, in discussing the instructions and special verdict with both parties, made it clear that the jury's verdict would be determinative. The parties may have agreed, and at least did not object, to this procedure.

**4.** Although, as stated, obviousness is a question of law, we do not think the trial court erred in submitting underlying fact issues to the jury.

*See E. I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d at 1264; *Control Components, Inc. v. Valtek, Inc.*, 609 F.2d 763, 767 (5th Cir.), *cert. denied*, 449 U.S. 1022, 101 S.Ct. 589, 66 L.Ed.2d 484 (1980). The jury was instructed that a finding of obviousness must be based on the relevant underlying fact inquiries, and we presume that the jury returned the special verdict on the basis of the instructions. *See E. I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d at 1271 n.44. The jury found that Creative's patent was not anticipated by prior art, that the claim would not have been obvious to a person of ordinary skill in the pertinent art, and that the patent was not obtained by fraud. On the basis of the jury's factual determinations, the district court implicitly concluded that Creative's patent is valid. *See Control Components, Inc. v. Valtek, Inc.*, 609 F.2d at 768.

## II. INFRINGEMENT

Northland contends that the jury erred in finding that Northland's modified crepe pan infringed Creative's patent, and in finding that the infringement by Exhibit 63 was willful and wanton.[5] Creative again asserts that Northland's failure to seek a directed verdict on these issues bars our review of the sufficiency of the evidence.

Although infringement, as opposed to validity, is generally a fact question, *Milgo Electronic Corp. v. United Business Communications, Inc.*, 623 F.2d 645, 656 (10th Cir.), *cert. denied*, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 610 (1980); *Marino Systems, Inc. v. J. Cowhey & Sons, Inc.*, 631 F.2d 313, 315 (4th Cir. 1980), as is the willfulness of the infringement, *Norfin, Inc. v. International Business Machines Corp.*, 625 F.2d 357, 366 (10th Cir. 1980), Northland asserts that the issue of infringement in the present case is a question of law for the court because an essential element of Creative's patent, the axially extending lip, is not present in Northland's modified model. Northland relies on *Burger Train Systems, Inc. v. Ballard*, 552 F.2d 1377 (10th Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 132 (1977), wherein the court held that infringement is a question of law when "it can be determined that the only feature which renders the design patentable is not on the allegedly infringing device." *Id.* at 1382. However, that holding is inapplicable in this case because Creative's patent is based on three features—the convex cooking surface, the heat-conducting fins and the axially extending lip—two of which are undeniably present in Northland's model. Furthermore, it is a question of fact whether the third element is missing from Northland's model, since an axially extending lip could possibly describe the "ledge" on Northland's modified model.

Northland also argues that a finding of infringement must necessarily be based on the doctrine of equivalents,[6] and that the applicability of the doctrine is a question of law. *Copease Mfg. Co. v. American Photocopy Equipment Co.*, 298 F.2d 772, 783 (7th Cir. 1961). We note, however, that the jury was instructed without objection regarding the doctrine of equivalents. We think that failure to object to the instructions bars Northland from now challenging the applicability of the doctrine. *See* Fed.R.Civ.P. 51; *Rowe International, Inc. v. J–B Enterprises, Inc.*, 647 F.2d 830, 835 (8th Cir. 1981). Furthermore, assuming the applicability of the doctrine may be a question of law, it is established that the finding of equivalency is a question of fact for the jury. *Sealed Air Corp. v. U. S. International Trade Com'n.*, 645 F.2d 976, 984 (C.C.P.A.1981), *citing Parmelee Pharmaceutical Co. v. Zink*, 285 F.2d 465, 472 (8th Cir. 1961). In the absence of a motion for directed verdict, and finding no basis for plain error, we are thus bound by the jury's findings of infringement and willfulness.

## III. DAMAGES

Upon a finding of infringement, damages may be awarded based on the greater of reasonable royalties or lost profits. *See* 35 U.S.C. § 284; *Milgo Electronic Corp. v. United Business Communications, Inc.*, 623 F.2d at 663. Northland contends that the jury's award exceeds an amount based on reasonable royalties and that there is insufficient evidence to support an award based on lost profits, which requires a showing of the number of sales plaintiff would have made "but for" the infringement. *Milgo Electronic Corp. v. United Business Communications, Inc.*, 623 F.2d at 663. Creative once again seeks to limit our review on the grounds that Northland's motion for directed verdict did not raise the

---

5. Northland denies infringement by Exhibit 63 on the ground that Creative's patent is invalid.

6. More specifically, Northland asserts that the axially extending lip on Creative's model is an essential element, and that Northland's modified model could infringe only if the "ledge"

was found to be the equivalent of the axially extending lip—that is, "if it does the same work in *substantially the same way so as to* accomplish substantially the same result." *Burger Train Systems, Inc. v. Ballard*, 552 F.2d at 1383.

issue of reasonable royalties, *see* note 2 *supra,* and that Northland's failure to renew its motion for directed verdict at the close of all the evidence precludes an attack on the sufficiency of evidence supporting an award based on lost profits, *see Mallick v. IBEW,* 644 F.2d 228, 233–34 (3d Cir. 1981).

We need not decide whether Northland has waived the right to challenge an award based on lost profits,[7] because we think the jury's award may be justified as follows. It seems clear that the damages allocated to infringement by Exhibit 63 were based on lost profits. Northland sold 10,000 of the pans represented by Exhibit 63 in 1975. There was sufficient evidence to support a finding that Creative would have sold at least some 10,000 additional pans "but for" Northland's infringement.[8] There was also evidence that Creative's profits in 1975

were $2.29 per unit, resulting in total lost profits based on Exhibit 63 of $22,900.00, precisely the amount awarded by the jury.

The jury awarded damages based on infringement by Northland's modified model in the amount of $565,073.00. Creative's expert witness testified that a reasonable royalty in this case would be 12½% with a minimum of $.75 per unit.[9] Based on evidence of Northland's sales during the years 1975–80, Creative asserts that total royalties for sales of Northland's modified model would amount to $587,396.39,[10] a figure well in excess of the actual award of $565,-073.00.[11]

■ In view of the great deference given to the trial court's assessment of damages in patent infringement cases, *Milgo Electronic Corp. v. United Business Communica-*

---

**7.** A brief case survey reveals instances when a party's failure to renew a motion for directed verdict has been held not to bar a subsequent motion for judgment n. o. v. *See, e.g., Bonner v. Coughlin,* 657 F.2d 931, 938–39 (7th Cir. 1981), and cases cited therein; *Bayamon Thom McAn, Inc. v. Miranda,* 409 F.2d 968, 971–72. *Cf. Albrecht v. Herald Co.,* 452 F.2d at 127. *But see Mallick v. IBEW,* 644 F.2d at 233–34. It appears, however, that an exception to the requirement of formal renewal must be based on something more than "a mere showing of a court's continuing disinclination to grant such a motion," *Bayamon Thom McAn, Inc. v. Miranda,* 409 F.2d at 971, which is the most that arguably could be asserted in the present case. Although Northland contends that a motion was filed at the close of Northland's case-in-chief before Creative's brief rebuttal, *see Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.,* 585 F.2d 821, 825 (7th Cir. 1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979), we have searched the record in vain for a trace of any pre-verdict motion other than the one at the close of Creative's case-in-chief. Northland also contends that the trial judge "understood" that no renewal would be required prior to an adverse verdict, but again, we find nothing in the record supporting this contention, and, at any rate, the introduction of substantial evidence following Northland's motion would likely dictate renewal regardless of the trial judge's "understanding." *See Bayamon Thom McAn, Inc. v. Miranda,* 409 F.2d at 971–72.

**8.** There was evidence, for example, that Creative and Northland had approximately 188,000 customers in common. Although lost profits cannot be speculative, they need only be calculated with reasonable probability and all reasonable doubts are resolved against the infring-

er. *Milgo Electronic Corp. v. United Business Communications, Inc.,* 623 F.2d at 664–65.

**9.** Northland contends that this royalty rate is unreasonably high and unsupported by the evidence. We tend to agree that 12½% seems somewhat exaggerated, but we are constrained by Northland's failure to challenge the sufficiency of the evidence through a motion for directed verdict, to review for plain error. We cannot say that the imposition of a royalty rate equal to or less than 12½% is shocking or otherwise amounts to a miscarriage of justice.

**10.** Creative arrives at this figure based on the following calculation:

| Year | Units Sold | 12½% of Northland's Sales Price | Total Royalty |
|------|-----------|-------------------------------|---------------|
| 1975 | 168,094 (10,000) | | |
| | 158,094 | 93.0¢ | $ 147,027.42 |
| 1976 | 336,816 | 87.5¢ | 294,714.00 |
| 1977 | 112,773 | 84.3¢ | 95,067.63 |
| 1978 | 37,583 | 62.5¢ | 23,489.37 |
| 1979 | 15,831 | 72.5¢ | 11,477.47 |
| 1980 | 17,852 | 87.5¢ | 15,620.50 |
| | | | $ 587,396.39 |

**11.** Northland asserts that the total royalty figure would be $517,345.50, but Northland arrives at this figure by multiplying 689,794, the number of pans purportedly sold by Northland, by a royalty rate of $.75 per unit instead of the higher rate of 12½%. (We note that the calculation offered by Creative, *see* note 10 *supra,* indicates a total sales figure of only 688,949.)

*tions, Inc.,* 623 F.2d at 663, we conclude that the award, though high, in the present case was within the range of reasonableness.

## IV. NEW TRIAL

In the alternative to judgment n. o. v., Northland moved for new trial or alteration of judgment, and correctly asserts that a motion for directed verdict is not a prerequisite to consideration of these other motions. *Urti v. Transport Commercial Corp.,* 479 F.2d 766, 769 (5th Cir. 1973); Fed.R. Civ.P. 59. However, "[t]he authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). Appellate review is therefore limited to the determination of whether this discretion has been abused.[12] *Commercial National Bank v. Missouri Pacific R.R.,* 631 F.2d 563, 565 (8th Cir. 1980).

A review of the record indicates that the trial court carefully evaluated all Northland's contentions and concluded that the jury's verdict was "well supported by the evidence."[13] We find no abuse of discretion in reaching this conclusion.

## V. CREATIVE'S CROSS–APPEAL

Creative submits the following contentions on its cross-appeal: the jury erred in finding that Northland's infringement based on the modified pan was not willful, and the trial judge erred in refusing to award prejudgment interest, attorney's fees, and treble damages. *See* 35 U.S.C. §§ 282–85.

As stated earlier, the issue of willfulness of the infringement is a question of fact. Neither party moved for a directed verdict on this issue and neither party may now challenge the jury's findings. The remaining matters raised by Creative are within

the discretion of the trial court, *see Milgo Electronic Corp. v. United Business Communications, Inc.,* 623 F.2d at 665–68, and we find no abuse of discretion in the court's rulings on these issues.

The judgment of the district court is affirmed.

---

12. This same standard applies to review of rulings on motions to alter or amend judgment. 6A Moore's Federal Practice ¶ 59.15[4].

13. In denying Northland's motions, the trial judge stated

the Court believes that the jury in this case was a particularly alert and intelligent jury that reached its verdict after careful consideration of the evidence. The damages found by the jury, while not unduly enriching the plaintiff, seem to this Court to fully compensate the injuries suffered by the plaintiff.