**The PERKIN–ELMER CORPORATION, a New York corporation, Appellant,**

v.

**COMPUTERVISION CORPORATION, a Delaware corporation, Appellee.**

No. 80–4087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1981.

Decided July 2, 1982.

Rehearing and Rehearing En Banc Denied Aug. 17, 1982.

Robert M. Taylor, Jr., Lyon & Lyon, Los Angeles, Cal., for appellant.

Richard J. Birch, Thompson, Birch, Gauthier & Samuels, Boston, Mass., argued, for appellee; Carl Hoppe, Eckhoff, Hoppe, Slick, Mitchell & Anderson, San Francisco, Cal., on brief.

Before SKELTON,[*] Court of Claims Judge, and GOODWIN and NORRIS, Circuit Judges.

GOODWIN, Circuit Judge.

Perkin-Elmer appeals from a judgment upon a jury verdict finding its patents valid but not infringed.

Perkin-Elmer and Computervision sell projection printers, the Micralign and the Cobilt CA–3000, respectively, to the semiconductor industry for use in the manufacture of integrated circuits. A projection printer uses optics to illuminate a circuit design and trace this design on a silicon wafer. A perfect degree of accuracy is demanded. Thus, the central component of a projection printer is its optical system. The optical structure comprising Perkin-Elmer's Micralign printer is formed by Perkin-Elmer's Offer Patent No. 3,748,015 ('015) and Scott Patent No. 3,821,763 ('763).

Both patents possess two physical parts: a large concave spherical mirror and a smaller convex spherical mirror axially spaced behind it. Light that has been shown across the circuit's design is reflected off the concave mirror to the convex one and then to the image location on the silicon wafer. This procedure results in a near perfect reproduction of the circuit design on the wafer.

Computervision's CA–3000 functions in a strikingly similar way. The Micralign and the CA–3000 are the only projection printers on the market in which the optics consist entirely of mirrors. Both axially space a small convex mirror behind a larger concave one. Both use a plate with an annular slit to restrict the light passing through the optical system and both have an identical light path from the circuit design to the wafer. The only difference is that the CA–3000 uses a less convex mirror and places the mirrors farther apart.

The similarities of the CA–3000 to the Micralign printer in time led Perkin-Elmer to sue Computervision for infringement of its optical patents. Computervision counterclaimed contending that Perkin-Elmer's patents were invalid. The case was tried to a jury which returned a verdict finding Perkin-Elmer's patents valid but not infringed. The district court failed to include in the judgment a reference to patent validity. The judgment refers only to the issue of infringement. Perkin-Elmer appeals from the judgment of no infringement. Computervision could not appeal from the verdict of patent validity because it did not result in a judgment.[1]

## A. Lack of Final Judgment

■ Ordinarily a judgment on fewer than all the claims in an action does not terminate that action and, thus, is not appealable. *Lockwood v. Wolf Corp.*, 629 F.2d 603, 608 (9th Cir. 1980). An exception exists where "the district court obviously was not trying to adjudicate fewer than all the pleaded claims." Id. at 608. *See also Wescott v. Impresas Armadoras S. A. Panama*, 564 F.2d 875, 880–81 (9th Cir. 1977).

---

[*] The Honorable Byron G. Skelton, Senior Judge, United States Court of Claims, sitting by designation.

1. Perkin-Elmer's notice of appeal also stated that it was appealing the refusal of the district court to enter a judgment of patent validity. This matter can be resolved on remand.

■ The district court here obviously was not trying to avoid adjudication on the issue of patent validity. Thus, all the claims were tried and adjudicated. This court has jurisdiction of the appeal brought by Perkin-Elmer.

### B. *Infringement*

#### 1. Standard

■ Infringement is usually a matter of fact. *Stilz v. United States*, 269 U.S. 144, 147, 46 S.Ct. 37, 38, 70 L.Ed. 202 (1925); *Reinharts, Inc. v. Caterpillar Tractor Co.*, 85 F.2d 628, 630 (9th Cir. 1936), *cert. denied*, 302 U.S. 694, 58 S.Ct. 13, 82 L.Ed. 536 (1937). Where, however, the facts are not in dispute, infringement becomes a matter of law. *United States v. Esnault-Pelterie*, 303 U.S. 26, 30, 58 S.Ct. 412, 414, 82 L.Ed. 625 (1937); *Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 36, 50 S.Ct. 9, 11, 74 L.Ed. 147 (1929).

■ In this case, the only facts in dispute related to the issue of prior art and whether this art invalidated Perkin-Elmer's patents. The jury decided this factual issue in favor of Perkin-Elmer when it declared Perkin-Elmer's patents valid. The validity of the patents is presumed for the purposes of this appeal. No factual issues remain. The question of infringement becomes one of law. Accordingly, the error-of-law standard of review applies.

#### 2. Application

■ The differences between the Micralign and the CA-3000 are miniscule. The CA-3000 merely uses a less convex mirror and places it further from the concave mirror than the Micralign does. Otherwise, the two optical systems are identical.

Both rely on mirrors for their optics and employ one mirror placed behind another to reflect a circuit design onto a silicon wafer. A minor adjustment of the curvature and placement of one mirror does not place it beyond the reach of the patented procedure. Many variations are possible within the range of any patented procedure. Here, the degree of difference between the two systems created by the Cobilt's variation is minimal.

Therefore the CA-3000 does infringe Patent '015 and Patent '763 and Perkin-Elmer's motion for judgment notwithstanding the verdict should have been granted by the district court.

Reversed and remanded.